IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

J. RUSSELL FLOWERS, INC. and MKJ, INC.                                      PLAINTIFFS

v.                                    Case No. 2:11-CV-02017

US TECHNOLOGY MARINE SERVICES, LLC
and RAYMOND L. WILLIAMS TRUST D/B/A
US TECHNOLOGIES                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendants US Technology Marine Services, LLC ("USTMS") and Raymond L. Williams Trust d/b/a US Technologies' Motion for Partial Summary Judgment (Doc. 15) and Memorandum in Support (Doc. 16), and Plaintiffs J. Russell Flowers, Inc. and MKJ, Inc.'s ("Flowers") Response in Opposition (Doc. 19) and Memorandum in Support (Doc. 20). For the reasons stated herein, Defendants' Motion for Partial Summary Judgment (Doc. 15) is **DENIED**.

**I. Background and Procedural History**

On or about December 21, 2007, Plaintiff Flowers entered into a Vessel Construction Agreement ("the Agreement") with Defendant USTMS. The Agreement governed the construction of twenty deck barges to be delivered to Flowers upon completion. Flowers made periodic payments to USTMS for the construction of the barges. However, USTMS failed to complete the barges as per the terms of the Agreement, and as a result, Flowers alleges that it sustained damages for monies advanced to USTMS. Only two of the twenty barges contracted for were actually built.

When USTMS ceased construction of the barges specified in the Agreement and shut down the construction operation, Flowers had already advanced $2,350,500 to USTMS for construction

costs. Doc. 20, p. 5.[1] The shut-down of the construction operation also caused USTMS to be indebted to a non-party to the instant lawsuit known as Falcon Steel, Inc. ("Falcon"), which had furnished USTMS with steel to construct the barges. Falcon eventually filed suit against both Flowers and USTMS, alleging that Falcon owned a first lien against the barges and was owed money for the unpaid balance on the purchase price of the steel. *Id.*

The case brought by Falcon was tried in November 2009 by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas (*see Falcon Steel, Inc. v. J. Russell Flowers, Inc., et al.*, Civ. No. 2:09-CV-02007-JLH). Following a bench trial, Judge Hendren ordered that Falcon was entitled to judgment against USTMS for $376,659.82 and that Falcon possessed a first lien on four barges then under construction for Flowers at a shipyard located in Fort Smith, Arkansas. Doc. 15-1, p. 18. The court also found that Falcon's lien against the barges was superior to that of Flowers' lien, since Falcon's lien was perfected in early 2008, when the barges were first being constructed, while Flowers did not file its UCC Financing Statement until the end of 2008. *Id.* Ultimately, the unfinished barges were ordered sold at public auction to fulfill the judgment to Falcon. Doc. 15-5.

Defendants argue on summary judgment that the terms of the Agreement preclude Flowers' recovery of the installment payments paid to USTMS. According to Defendants, the Agreement specified that Flowers could only recover for breach of contract if Flowers first obtained vested title

---

[1] Although Flowers states in its Opposition to Defendants' Motion for Partial Summary Judgment (Doc. 20, p.5) that the amount advanced to USTMS under the contract was $2,350,500, Flowers' Complaint alleges "damages for payments . . . in the amount of $5,200,000." *Cf.* Doc. 1, ¶ 8. Flowers does not explain in its Complaint or in subsequent briefings any justification for the higher amount in compensatory damages claimed in the Complaint.

2

to the barges under construction by filing the proper UCC paperwork. Once title was vested, the Agreement provided that Flowers' remedy for breach of contract was limited to possession of the materials, machinery, and equipment associated with the finished or unfinished barges. Defendants contend, therefore, that because an earlier-filed lawsuit determined that Falcon, not Flowers, had perfected its lien on the barges, Falcon took possession of the barges when they were ordered sold at public auction, and Flowers lost its opportunity to claim an interest in the barges as damages. Defendants further maintain that Flowers should be prohibited from recovering its installment payments made to USTMS because Flowers failed to mitigate its damages by perfecting its security interest in the barges when it had the opportunity.

For their part, Plaintiffs disagree that they should be precluded from collecting in compensatory damages the amounts of the installment payments made to USTMS for barges that were not completed according to contract. Plaintiffs dispute that they are limited under the Agreement to collecting compensatory damages for installment payments through liquidation of the unfinished barges alone. Plaintiffs contend they are owed compensation for their damages without limitation according to the terms of the Agreement.

## II. Legal Standard

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that

logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**III. Discussion**

The Court finds that the interpretation of the terms of the parties' Agreement governing non-performance is in dispute. The Agreement contemplated that Flowers would acquire title to the barges under construction, as well as the materials and equipment associated with such construction. Flowers failed to acquire such priority in title, as it did not file its UCC lien on the barges and associated materials in a timely manner. However, notwithstanding Flowers' lack of priority in claiming title to the barges, there is a genuine issue of material fact regarding whether or not Flowers may recover the amount it already paid USTMS in installment payments. The Agreement between the parties contemplated repayment of monies advanced by Flowers in the event that construction was halted and the barges not completed. Flowers advanced more than $2 million to USTMS for barges, and it is not clear, given the facts presented to the Court to date, that compensatory damages for these funds are now unavailable simply because the unfinished barges, materials, and equipment have already been sold to pay another creditor. Accordingly, in light of the material and disputed facts at issue in this case, summary judgment is inappropriate at this time.

**IV. Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 15) is **DENIED**. This case is set for jury trial commencing March 19, 2012.

IT IS SO ORDERED this 6th day of January, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE