IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

J. RUSSELL FLOWERS, INC. and
MKJ, INC.                                                                                          PLAINTIFFS

v.                                         No. 2:11-CV-02017

US TECHNOLOGY MARINE SERVICES, LLC and
RAYMOND L. WILLIAMS TRUST D/B/A
US TECHNOLOGIES                                                                       DEFENDANTS

O R D E R

Currently before the Court are Defendants' Motion in Limine concerning exclusion of evidence at trial (Doc. 53) and Plaintiffs' Response (Doc. 58); Plaintiffs' Motion in Limine concerning Plaintiffs' attorney Joel Henderson serving as a witness at trial (Doc. 54) and Plaintiffs' related Motion to Withdraw and for Continuance (Doc. 56); and Plaintiffs' Motion in Limine regarding proof of damages alleged by Defendants (Doc. 55).

The Court conducted a telephonic pre-trial conference on the record today, May 14, 2012, in which attorneys for all parties participated and were heard by the Court regarding the above-listed Motions. The Court now makes the following determinations:

Defendants' Motion in Limine concerning exclusion of evidence at trial (Doc. 53) is **DENIED**. Defendants moved the Court to exclude evidence of a 2007 contract between the parties as being superseded by a later contract. Plaintiffs responded that the original contract between the parties is relevant to the instant dispute and differs materially from the allegedly superseding contract. The Court will rule on the admissibility of such evidence if and when it is presented at trial.

Plaintiffs' Motion in Limine concerning Plaintiffs' attorney Joel Henderson serving as a witness at trial (Doc. 54) and Mr. Henderson's related Motion to Withdraw from the case (Doc. 56) due to the conflict of interest posed if he were to serve as both counsel for Plaintiffs and a witness at trial are both **DENIED**.  Defendants submitted their pre-trial disclosures (Doc. 43) on December 9, 2011, designating the witnesses they intended to call at trial.  These witness designations were obviously made in error, since they included only the parties' respective attorneys and did not list any other potential witnesses, including party representatives.

Defendants failed to update their pre-trial disclosures by the deadline imposed by the Court's scheduling order, April 30, 2012.  It was not until May 9, 2012, that Defendants' attorney Laura Mills notified Plaintiffs' attorney Henderson, via email, that Defendants' principal, Raymond F. Williams, planned to testify as to the substance of an alleged one-on-one conversation he had with Mr. Henderson.  Defendants did not file an updated pre-trial disclosure sheet, listing all the names of the witnesses they truly intended to call, including Attorney Henderson, until May 10, 2012 (Doc. 56).

The Court finds that Defendants failed to properly designate Mr. Henderson as a witness during discovery or in their pre-trial disclosures.  Instead, Defendants informally notified Plaintiffs as to their intent to call Mr. Henderson as a witness on May 9, 2012, only 12 days before trial of this matter.  Accordingly, Defendants' late and improper designation of Mr. Henderson as a witness outside the period of discovery and following the deadline for pre-trial disclosures is in violation of Fed. R. Civ. P. 26(e), which states that "a party who has made a disclosure...or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response in a timely manner...or as ordered by the court..."

Defendants failed to notify either opposing counsel or the Court, whether in discovery or in pre-trial disclosures, that they intended to present testimony that would compromise Attorney Henderson's position as advocate and create a potential conflict of interest between himself and his clients. Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness...at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Considering that Defendants' counsel gave no excuse whatsoever for her failure to properly designate Mr. Henderson as a witness, and instead did so on the eve of trial, and ostensibly to cause surprise or delay or to force a continuance of this case, the Court finds that there is no justification for the violation of Rule 26(a) and/or (e), and pursuant to Rule 37(c), the Court **ORDERS** the following, which is to be read by Defendants' counsel to Mr. Williams prior to him taking the stand to testify as a witness in this matter:

> Defendants are expressly precluded from offering evidence or testimony relating to any one-on-one conversations between Raymond Williams and Attorney Joel Henderson. Mr. Henderson will not serve as a witness in this trial. Any mention at trial by Defendants, their counsel, or any of their witnesses as to this expressly precluded evidence or testimony will result in immediate sanctions.

Finally, with regard to Plaintiffs' Motion in Limine (Doc. 55), which seeks to prohibit Defendants from presenting any proof of damages in support of their counterclaim, this Motion is **DENIED**. The Court will rule on the admissibility of such evidence if and when it is presented at trial.

**IT IS SO ORDERED** this 14th day of May, 2012.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE